UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KAREN EDWARDS and MARK EDWARDS,

        Plaintiffs,

   - against -

P.O. MICHAEL BECKER, Shield No. 117,
P.O. "JOHN DOES" 1-2,
and THE CITY OF NEW YORK,

        Defendants.
-------------------------------------------------------------------X

COMPLAINT AND
JURY TRIAL DEMAND

Plaintiffs, KAREN EDWARDS and MARK EDWARDS, by their attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully allege as follows:

## JURISDICTION

1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4. Plaintiffs, invoking the supplemental jurisdiction of this Court, also seek compensatory and punitive damages for battery and false arrest.

## VENUE

5. Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiffs hereby demand a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff KAREN EDWARDS was and is a natural person, resident in the County of Kings, City and State of New York.

8. At all times relevant hereto, plaintiff MARK EDWARDS was and is a natural person, resident in the County of Marion, City of Ocala, State of Florida.

9. Plaintiffs KAREN EDWARDS and MARK EDWARDS are mother and son.

10. Both plaintiffs are African-American.

11. At all times relevant hereto, defendant P.O. MICHAEL BECKER, Shield No. 117 (hereinafter "BECKER") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

12. At all times relevant hereto, defendants P.O. "JOHN DOES" 1-2 were and are natural persons, employed as police officers by the Police Department of defendant CITY OF NEW YORK.

13. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

14. The individual defendants are sued in their individual capacities.

15. On or about January 12, 2017, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiffs served upon the Comptroller of the City of New York verified written notices of claim setting forth the time, place, nature and manner in which said claims arose.

16. More than thirty (30) days have elapsed since the aforementioned verified notices of claim were served and the Comptroller has neglected and refused to make payment of said claims.

17. This action is commenced within one year and ninety days from the date the supplemental claims herein accrued.

## FACTS COMMON TO ALL CAUSES OF ACTION

18. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "16" hereinabove as if more fully set forth at length herein.

19. At all times relevant hereto, plaintiff KAREN EDWARDS was a forty-eight year-old African-American female, employed as a certified nursing assistant at a long-term care facility located on East 79th Street in the County, City and State of New York.

20. On or about October 28, 2016, at approximately 12:30 A.M., plaintiff KAREN EDWARDS was a front seat passenger in a motor vehicle being operated by her son, plaintiff MARK EDWARDS.

21. Plaintiff KAREN EDWARDS had been picked up by her son at her place of employment when her shift at the aforementioned nursing home had ended for the evening.

22. As plaintiffs were driving along Utica Avenue in the County of Kings, City and State of New York, on their way to plaintiff KAREN EDWARDS's home, an unmarked motor vehicle that had been traveling behind them flashed its lights.

23. Plaintiff MARK EDWARDS pulled his vehicle over to the curb, upon information and belief in front of a premises with the address 1308 Utica Avenue, County of Kings, City and State of New York.

24. Plaintiff MARK EDWARDS put his vehicle in park and lowered its windows as far down as they would go, despite the fact that it was raining heavily.

25. Two of the individual defendants, wearing plainclothes, approached the driver's side of plaintiff MARK EDWARDS's vehicle.

26. One of the aforementioned defendants was defendant BECKER. The other defendant was P.O. "JOHN DOE" 1.

27. One of the aforementioned defendants, with his hand on his weapon, screamed at plaintiff MARK EDWARDS through his open front window, "Put your windows down all the way."

28. Plaintiff MARK EDWARDS informed this defendant officer that the rear windows on his vehicle did not go down all the way.

29. The defendant then shouted, "License and registration!"

30. Neither defendant was in uniform nor displaying his police shield.

31. Plaintiff MARK EDWARDS requested of the aforementioned defendant that he stop shouting at him and show him some identification indicating that he was a police officer.

32. The aforementioned defendant refused to comply with plaintiff's request for identification.

33. Consequently, plaintiff MARK EDWARDS asked to speak to the defendant's supervisor.

34. Rather than comply with any of plaintiff MARK EDWARDS's requests, the second defendant reached inside the vehicle, unlatched the front driver's side door, pulled it open, and grabbed onto plaintiff MARK EDWARDS's jacket so as to pull him out of his vehicle, in the process tearing the jacket.

35. At this point, plaintiff KAREN EDWARDS jumped into her son's lap and told the officer, "You're not going to kill my son."

36. Plaintiff KAREN EDWARDS was dressed in her scrubs with her name tag containing her job title visible.

37. At this point, the second defendant finally displayed his shield, which had been suspended inside his clothing on a chain, and shouted at plaintiff KAREN EDWARDS, "Shut up, shit cleaner!"

38. In response to the aforementioned insult, plaintiff KAREN EDWARDS raised one of her middle fingers to the officer and told him, "I ain't cleaning your mama's shit."

39. Plaintiff MARK EDWARDS calmed his mother by saying, "Mommy, it's okay," whereupon plaintiff KAREN EDWARDS moved back into the front passenger seat.

40. The first defendant now pulled plaintiff MARK EDWARDS out of his vehicle, in the process causing his wallet to fall onto the floor of his vehicle, with his documents spilling out of it.

41. The second defendant proceeded to open the front passenger door, then pulled plaintiff KAREN EDWARDS out of her son's vehicle, flung her against it and violently twisted her right arm.

42. Plaintiff KAREN EDWARDS immediately felt a sharp pain, from her shoulder to her elbow, causing her to cry out, "My arm, my arm!"

43. Between seven and ten New York City Police Department motor vehicles arrived.

44. The second defendant, who had injured plaintiff KAREN EDWARDS, instructed one of the uniformed officers who had arrived at the scene to give him his handcuffs.

45. The uniformed officer did as he was instructed and the second defendant rear-handcuffed plaintiff KAREN EDWARDS, all the while telling her to "shut up," while she continued to complain of the severe pain in her right arm that he had caused her.

46. In the meantime, plaintiff MARK EDWARDS was facing the side of his vehicle with his hands up.

47. Defendant P.O. "JOHN DOE" 2, a uniformed officer, who, upon information and belief, had just arrived on the scene, grabbed plaintiff MARK EDWARDS's testicles through his clothing, squeezed them extremely hard and used this grip to pull plaintiff MARK EDWARDS into contact with his vehicle.

48. Suffering excruciating pain, plaintiff MARK EDWARDS was handcuffed and placed in the rear of a marked New York City Police Department motor vehicle in which he was then transported to the stationhouse of the 67th Precinct.

49. Plaintiff KAREN EDWARDS was also placed in a New York City Police Department motor vehicle and transported to the 67th Precinct.

50. At the stationhouse, plaintiff MARK EDWARDS requested that he be allowed to make a telephone call to an attorney.

51. An officer denied this request, telling plaintiff MARK EDWARDS that he would be allowed to make a telephone call only after he arrived at Brooklyn Central Booking.

52. While in the stationhouse, plaintiff MARK EDWARDS related to a sergeant the events that had transpired in the street.

53. The sergeant told plaintiff MARK EDWARDS that he should have asked to see a supervisor.

54. Plaintiff MARK EDWARDS responded that he had, indeed, asked to see a supervisor but that his request had been ignored.

55. The aforementioned sergeant made no response to this statement.

56. Both plaintiffs were transported to Brooklyn Central Booking at approximately 8:00 A.M.

57. At approximately 8:00 P.M., each plaintiff appeared before a judge of the Criminal Court of the City of New York, County of Kings.

58. Upon information and belief, both plaintiffs were charged on complaints made by defendant BECKER.

59. Plaintiff KAREN EDWARDS was charged with obstructing governmental administration in the second degree.

60. Plaintiff KAREN EDWARDS received an adjournment in contemplation of dismissal.

61. Plaintiff MARK EDWARDS was informed that he was being charged with excessive tinting on his vehicle's windows, improper display of his Florida license plate, obstruction of governmental administration in the second degree and resisting arrest.

62. Plaintiff MARK EDWARDS received an adjournment in contemplation of dismissal on all charges.

63. Upon their release from custody, both plaintiffs went directly to Kings County Hospital Center.

64. Plaintiff MARK EDWARDS was diagnosed with inguinal strain, which is an injury to the groin.

65. An x-ray of plaintiff KAREN EDWARDS's right arm was negative.

66. However, as the pain in plaintiff KAREN EDWARDS's arm did not abate, she had an MRI on November 16, 2016.

67. The MRI revealed a non-displaced fracture of the anterior coronoid process of her right arm.

68. Plaintiff KAREN EDWARDS used her cell phone to video record her son being pulled out of his vehicle by the defendant who did so. However, when she was pulled out of the vehicle by one of the defendants, her cell phone dropped to the ground.

69. Subsequent to the incident, plaintiff KAREN EDWARDS's cell phone was returned to her. However, the recording she had made of her son being pulled from the vehicle had been deleted, upon information and belief by one of the defendants hereto.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF KAREN EDWARDS AGAINST DEFENDANTS BECKER AND P.O. "JOHN DOE" 1 (42 U.S.C. §1983)

70. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "69" hereinabove as if more fully set forth at length herein.

71. Defendants BECKER and P.O. "JOHN DOE" 1 violated plaintiff KAREN EDWARDS's rights, guaranteed to her by the fourth and fourteenth amendments to the Constitution of the United States, to be free from the use of excessive force, to be arrested only with probable cause and to due process of law, in that, acting under color of state law, they, without any cause or provocation whatsoever, fractured her right arm and arrested her for, and charged her with, obstructing governmental administration in the second degree without having probable cause to do so.

72. Because of the aforementioned acts committed by defendants BECKER and P.O. "JOHN DOE" 1, plaintiff KAREN EDWARDS suffered a deprivation of the aforementioned rights guaranteed to her by the fourth and fourteenth amendments to the Constitution of the United States, and, as a result, suffered, and continues to suffer, serious and permanent physical injury; lost time and income from her employment; and suffered a loss of her liberty.

73. By reason of the aforementioned unconstitutional and illegal actions taken against her by defendants BECKER and P.O. "JOHN DOE" 1, hereto as described hereinabove, plaintiff KAREN EDWARDS has been damaged in an amount sufficient to compensate her for her injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendants BECKER and P.O. "JOHN DOE" 1.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF MARK EDWARDS <u>AGAINST THE INDIVIDUAL DEFENDANTS</u> (43 U.S.C. §1983)

74. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "73" hereinabove as if more fully set forth at length herein.

75. The individual defendants violated plaintiff MARK EDWARDS's rights, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, to be free from the use of excessive force, to be arrested only with probable cause and to due process of law, in that, acting under color of state law, they, without any cause or provocation whatsoever, assaulted him, causing him to suffer an inguinal strain, and falsely arrested and charged him with excessive tinting on his

vehicle's windows, improper display of his license plate, obstruction of governmental administration in the second degree and resisting arrest.

76. Because of the aforementioned acts committed by the individual defendants, plaintiff MARK EDWARDS suffered a deprivation of the aforementioned rights guaranteed to her by the fourth and fourteenth amendments to the Constitution of the United States, and, as a result, suffered a painful physical injury and a loss of his liberty.

77. By reason of the aforementioned unconstitutional and illegal actions taken against him by the individual defendants hereto, as described hereinabove, plaintiff MARK EDWARDS has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF KAREN EDWARDS
### AGAINST DEFENDANTS P.O. "JOHN DOE" 1
### AND THE CITY OF NEW YORK
### (Battery)

78. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "77" hereinabove as if more fully set forth at length herein.

79. On or about October 28, 2016, at approximately 12:30 A.M., in front of the premises 1308 Utica Avenue, in the County of Kings, City and State of New York, defendant P.O. "JOHN DOE" 1, without probable cause, offensively touched plaintiff KAREN EDWARDS by grabbing and twisting her right arm in such a manner as to fracture it.

80. The aforementioned force used by defendant P.O. "JOHN DOE" 1 was not reasonable under the circumstances.

81. At the aforementioned time and place, defendant P.O. "JOHN DOE" 1 was acting within the scope of his employment by defendant CITY OF NEW YORK.

82. By reason of the aforementioned battery committed against her by defendant P.O. "JOHN DOE" 1, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff KAREN EDWARDS suffered, and continues to suffer, serious and permanent physical injury; lost time from her employment; and incurred medical expenses.

83. As a result of the battery committed upon her by defendant P.O. "JOHN DOE" 1, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff KAREN EDWARDS has been damaged in an amount sufficient to compensate her for her injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant P.O. "JOHN DOE" 1.

**AS AND FOR A FOURTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF MARK EDWARDS
AGAINST P.O. "JOHN DOE" 2
AND THE CITY OF NEW YORK**
(Battery)

84. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "83" hereinabove as if more fully set forth at length herein.

85. On or about October 28, 2016, at approximately 12:30 A.M., in front of the premises 1308 Utica Avenue, in the County of Kings, City and State of New York, defendant P.O. "JOHN DOE" 2, without probable cause, offensively touched plaintiff

MARK EDWARDS by grabbing hold of his testicles with such force and pulling him by use of said grip so as to cause him excruciating pain and an inguinal strain.

86. The aforementioned force used by defendant P.O. "JOHN DOE" 2 was not reasonable under the circumstances.

87. At the aforementioned time and place, defendant P.O. "JOHN DOE" 2 was acting within the scope of his employment by defendant CITY OF NEW YORK.

88. By reason of the aforementioned battery committed against him by defendant P.O. "JOHN DOE" 2, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff MARK EDWARDS suffered severe pain and physical injury and required medical treatment for his injury.

89. As a result of the battery committed upon him by defendant P.O. "JOHN DOE" 2, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff MARK EDWARDS has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant P.O. "JOHN DOE" 2.

### AS AND FOR A FIFTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF KAREN EDWARDS
### AGAINST DEFENDANTS BECKER, P.O. "JOHN DOE" 1
### AND THE CITY OF NEW YORK
### (False Arrest)

90. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "89" hereinabove as if more fully set forth at length herein.

91. On or about October 28, 2016, at approximately 12:30 A.M., in front of the premises 1308 Utica Avenue, in the County of Kings, City and State of New York, defendants BECKER and P.O. "JOHN DOE" 1, without probable cause therefor,

forcibly, wrongfully and unlawfully arrested plaintiff KAREN EDWARDS, and, against her own free will, caused her to be incarcerated for approximately twenty hours.

92. Defendant BECKER falsely, maliciously, wrongfully, unlawfully and illegally accused plaintiff KAREN EDWARDS of having committed the crime of obstructing governmental administration in the second degree.

93. Plaintiff KAREN EDWARDS was falsely, maliciously, wrongfully, unlawfully and illegally kept in confinement at the stationhouse of the 67th Precinct and at Brooklyn Central Booking for approximately twenty hours and was wrongfully, unlawfully, illegally, purposely and maliciously deprived of proper medical care.

94. At the time they committed the aforesaid acts of false arrest and false imprisonment, defendants BECKER and P.O. "JOHN DOE" 1 were acting within the scope of their employment by defendant CITY OF NEW YORK.

95. By reason of the false arrest and false imprisonment committed against her by defendants BECKER and P.O. "JOHN DOE" 1, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff KAREN EDWARDS suffered, and continues to suffer, serious and permanent physical injury; lost time from her employment; incurred medical expenses; and suffered a loss of her liberty.

96. As a result of the false arrest and false imprisonment committed against her by defendants BECKER and P.O. "JOHN DOE" 1, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff KAREN EDWARDS has been damaged in an amount sufficient to compensate her for her injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendants BECKER and P.O. "JOHN DOE" 1.

## AS AND FOR A SIXTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF MARK EDWARDS
## AGAINST THE INDIVIDUAL DEFENDANTS
## AND THE CITY OF NEW YORK
### (False Arrest)

97.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "96" hereinabove as if more fully set forth at length herein.

98.     On or about October 28, 2016, at approximately 12:30 A.M., in front of the premises 1308 Utica Avenue, in the County of Kings, City and State of New York, the individual defendants, without probable cause therefor, forcibly, wrongfully and unlawfully arrested plaintiff MARK EDWARDS, and, against his own free will, caused him to be incarcerated for approximately twenty hours.

99.     Defendant BECKER falsely, maliciously, wrongfully, unlawfully and illegally accused plaintiff MARK EDWARDS of having committed the violations of excessive tinting on his vehicle's windows, improper display of his Florida license plate, and the crimes of obstruction of governmental administration in the second degree and resisting arrest.

100.    Plaintiff MARK EDWARDS was falsely, maliciously, wrongfully, unlawfully and illegally kept in confinement at the stationhouse of the 67th Precinct and at Brooklyn Central Booking for approximately twenty hours and was wrongfully, unlawfully, illegally, purposely and maliciously deprived of proper medical care.

101.    At the time they committed the aforesaid acts of false arrest and false imprisonment, the individual defendants were acting within the scope of their employment by defendant CITY OF NEW YORK.

101. By reason of the false arrest and false imprisonment committed against him by the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff MARK EDWARDS suffered severe pain and physical injury, required medical treatment for his injury and suffered a loss of his liberty.

102. As a result of the false arrest and false imprisonment committed against her by the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff MARK EDWARDS has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants.

WHEREFORE, plaintiffs, KAREN EDWARDS and MARK EDWARDS, demand judgment against defendants, P.O. MICHAEL BECKER, Shield No. 117, P.O. "JOHN DOES" 1-2 and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: An amount sufficient to compensate plaintiff KAREN EDWARDS for her injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendants BECKER and P.O. "JOHN DOE" 1;

SECOND CAUSE OF ACTION: An amount sufficient to compensate plaintiff MARK EDWARDS for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants;

THIRD CAUSE OF ACTION: An amount sufficient to compensate plaintiff KAREN EDWARDS for her injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant P.O. "JOHN DOE" 1;

FOURTH CAUSE OF ACTION:   An amount sufficient to compensate plaintiff MARK EDWARDS for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant P.O. "JOHN DOE" 2;

FIFTH CAUSE OF ACTION:   An amount sufficient to compensate plaintiff KAREN EDWARDS for her injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendants BECKER and P.O. "JOHN DOE" 1;

SIXTH CAUSE OF ACTION:   An amount sufficient to compensate plaintiff MARK EDWARDS for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants.

In addition, plaintiffs demand the costs and disbursements of this action, including their attorney's fees, pursuant to 42 U.S.C. §1988.

Dated:  Kew Gardens, New York
        January 22, 2018

_____
ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2395